UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BAPTIST HEALTH CARE INC., et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 25-2002 (RDM) |
| ROBERT F. KENNEDY, JR., Secretary of Health and Human Services, | |
| Defendant. | |

**DEFENDANT'S CONSENT MOTION TO STAY**

By and through undersigned counsel, Defendant respectfully moves to stay this action to permit time for the parties to engage in settlement negotiations. Plaintiffs, through counsel, have consented to the relief sought by this motion. The grounds for this motion are as follows:

1.      Plaintiffs filed the Complaint in this matter on June 26, 2025, seeking judicial review of certain determinations by the Department concerning capital disproportionate share adjustments under the Medicare Act. *See generally* Compl. ¶¶ 6–9. On September 2, 2025, the parties jointly filed, and the Court entered, a stipulation of partial dismissal with respect to a portion of the claims alleged in the Complaint. *See* ECF No. 12; Minute Order (Sept. 4, 2025). The Court previously granted Defendant's motion to extend its answer deadline to March 30, 2026. Min. Order (Dec. 29, 2025).

2.      Since that time, the parties' settlement negotiations have progressed. The parties continue to believe that some or all of the remaining disputed issues may potentially be resolved via settlement. To avoid incurring attorney's fees on further briefing prior to attempting to

negotiate a resolution to this action, the parties agree that a ninety-day stay would be beneficial as the parties explore a potential settlement of Plaintiffs' claims.

3.      "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Feld Entm't, Inc. v. ASPCA*, 523 F. Supp. 2d 1, 2 (D.D.C. 2007) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  This Court has broad discretion to enter a stay incidental to its power to control its own docket—particularly where, as here, a stay would promote judicial economy and efficiency.  *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *see also Dellinger v. Mitchell*, 442 F.2d 782, 786 (D.C. Cir. 1971).

4.      The parties agree that the relief sought in this motion is necessary to handle the case in the most economical fashion.  The relief sought is not being requested for purposes of delay.

5.      In the event that either side believes that further settlement discussions would not be beneficial, they may return to the Court and request dissolution of the stay.

6.      Should the parties resolve this matter or find that further settlement discussions would not be beneficial, the parties shall promptly notify the Court.

WHEREFORE Defendant respectfully requests that the Court grant this Motion to Stay. A proposed order is enclosed.

Dated:  March 23, 2026              Respectfully submitted,
        Washington, DC

                                    JEANINE FERRIS PIRRO
                                    United States Attorney


                                    By:        */s/ Tabitha Bartholomew*
                                        TABITHA BARTHOLOMEW
                                        D.C. Bar # 1044448
                                        Assistant United States Attorney
                                        601 D Street, NW
                                        Washington, DC 20530

(202) 252-2529
Tabitha.Bartholomew@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BAPTIST HEALTH CARE INC., et al.,

      Plaintiffs,

  v.

ROBERT F. KENNEDY, JR., Secretary of
Health and Human Services,

      Defendant.

Civil Action No. 25-2002 (RDM)

**[PROPOSED] ORDER**

Upon consideration of the Consent Motion to Stay, and the entire record herein, it is hereby

ORDERED that the Motion is GRANTED.  It is further

ORDERED that all other deadlines in this matter are STAYED up to and including June 29, 2026. It is further

ORDERED that the parties shall file a joint status report on or before June 29, 2026, and promptly notify the Court if a settlement agreement is reached prior to that date.

SO ORDERED.

Date: _____

_____

United States District Judge